IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:22-cr-00188 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | ORDER RE: SUPERVISED |
| | ) | RELEASE VIOLATION HEARING |
| DAVID L. BAILEY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was before this Court on June 1, 2026, for a Final Hearing regarding Revocation of Supervised Release, upon request of the probation office for a finding that the defendant violated the conditions of supervised release. The defendant was present and represented by Assistant Federal Public Defender Edward G. Bryan. Assistant U.S. Attorney Jason W. White was present on behalf of the Government. U.S. Probation Officer Alexandria Delgadillo was present on behalf of U.S. Pretrial Services and Probation.

Petitions were presented for action of the Court for cause as referenced in the March 5, 2026, Violation Report and the April 6, 2026, Supplemental Violation Report. Previously, defendant appeared for a Supervised Release Violation hearing held by Magistrate Judge Amanda M. Knapp on April 9, 2026, at which time the defendant knowingly, intelligently, and voluntarily admitted to five alleged supervised release violations: 1) Failure to Make Monthly Restitution Payments, 2) Failure to Comply with CBT, 3) Failure to Comply with Substance Abuse Testing, 4) Alcohol Use, and 5) Failure to Comply with Substance Abuse Testing. The Magistrate Judge

issued a Report and Recommendation on April 9, 2026, recommending *inter alia* that the Court find Defendant knowingly, intelligently, and voluntarily admitted to the five violations. No party filed an objection to the Report and Recommendation.  During the hearing, the Court adopted the Report and Recommendation.

In addition, the Court received three additional Supplemental Violation Reports, after the Report and Recommendation was issued, setting forth additional violations of supervised release, as detailed in Violations 6 through 9.  During the June 1, 2026 hearing, the Defendant was advised of the additional violations, and he knowingly, intelligently, and voluntarily admitted to the additional supervised release violations: 6) Failure to Comply with Substance Abuse Testing, 7) Illicit Drug Use, 8) Failure to Comply with Substance Abuse Testing, and 9) Illicit Substance & Alcohol Use. The Court also received Defendant's executed Acknowledgement of Positive Drug/Alcohol Use form on June 1, 2026, wherein Defendant elected to execute the Acknowledgment, admitting to 10) Illicit Substance & Alcohol Use, rather than submit to a drug test immediately before the June 1st hearing.  Defendant knowingly, intelligently, and voluntarily waived his right to a probable cause hearing on the new violations and requested the Court proceed to sentencing, as set forth on the record.  The Court found Defendant committed Violations 6 through 10, and as explained on the record found that the defendant committed the ten violations of the terms and conditions of supervised release and revoked supervised release.

Upon consideration of the record, the advisory sentencing guidelines, the parties' positions, and pertinent factors set forth in 18 U.S.C. §3553(a), the Court sentenced the Defendant to 10 months custody of the Bureau of Prisons followed by no additional term of supervised release, as explained on the record.

The Court advised Defendant of his appeal rights and remanded him to custody of the U.S. Marshal.

IT IS SO ORDERED.

Date: June 11, 2026
/s/ *David A. Ruiz*
David A. Ruiz
United States District Judge